IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| PEARSON'S WINE OF ATLANTA, INC. | ) | Case No. 10-93820 |
| | ) | |
| Debtor. | ) | |

## MOTION FOR AUTHORITY TO USE CASH COLLATERAL
## AND REQUEST FOR EMERGENCY HEARING

Pursuant to 11 U.S.C. § 363 and Bankruptcy Rule 4001, Pearson's Wine of Atlanta, Inc., debtor-in-possession (the "**Debtor**"), requests that the Court enter an order authorizing the Debtor's use of cash collateral. The Debtor shows the Court as follows.

1.

On November 8, 2010 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and has continued in possession of its property and management of its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.

The Debtor operates and manages a retail wine and liquor store (the "**Store**") located in the metropolitan Atlanta area.

3.

Branch Banking & Trust ("**BB&T**") may assert liens and security interests in some or all of the Debtor's property used in the operation of the Store (the "**Property**"), which consists of, *inter alia*, accounts, inventory, fixtures, equipment, and general intangibles. BB&T may also assert that the proceeds received from Property consisting of inventory and accounts receivable is "cash collateral" as defined in 11 U.S.C. § 363(a).

4.

The Debtor's use of the cash collateral is essential to the continuing operation of its business, to maintain the value of the Property and for an effective reorganization.

5.

The Debtor is willing to provide adequate protection for the use of cash collateral as follows:

(a) BB&T shall be given a replacement lien in post-petition inventory, accounts receivable and proceeds thereof in the same order of priority as existed pre-petition to the extent such pre-petition lien is a valid, properly perfected and enforceable interest; and

(b) Cash collateral may only be used for items set forth in a budget to be approved by the Court. A copy of a proposed budget will be provided at or before any hearing on this Motion.

WHEREFORE, the Debtor requests that this Court: (a) schedule an emergency hearing on this Motion to be heard as soon as possible, but in no event later than the close of business on Wednesday, November 10, 2010; (b) enter an order granting this Motion at the conclusion of such hearing; and (c) grant the Debtor such other and further relief as is just and proper.

This 9th day of November, 2010.

Respectfully submitted,

SCROGGINS & WILLIAMSON

/s/ J. Robert Williamson
J. ROBERT WILLIAMSON
Georgia Bar No. 765214
ASHLEY REYNOLDS RAY
Georgia Bar No. 601559
Counsel for the Debtor

1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303
(404) 893-3880

- 2 -